Answer of the administrators of McDaniel.

## *McDaniel's Adm'r. vs. Donaldson.*

Error to the Warren circuit; HENRY P. BRODNAX, Judge.

*Statutes. Judgment creditors. Trustees. Choses in action.*

Judge OWSLEY delivered the Opinion of the Court.

DONALDSON sued Gatewood on three notes, each for $829 13 cents, recoved judgment for the amount of each note, with interest and costs, and caused executions to issue thereon against the estate of Gatewood, upon each of which the sheriff returned no property found.

A bill in equity was then filed by Donaldson, under the act of the Legislature of this country, to subject to the satisfaction of his judgments, a debt of about $1500, which he alleges is due from Slaughter, by a bond given to Gatewood, and by Gatewood assigned to McDaniel in his lifetime, but which assignment he charges was made in trust for the use of Gatewood, after a debt of about $115, owing by Gatewood to McDaniel, was satisfied. The administrators of McDaniel, Gatewood and Slaughter were all made defendants to the bill, and such relief prayed as might comport with the justice and equity of the case.

The execution of the bond by Slaughter to Gatewood, and the assignment thereof by Gatewood to the intestate is admitted by the administrators, but they deny that the assignment was made to their intestate. Gatewood was owing him the sum of about $115, as charged in the bill, but they allege that, the assignment was made not only to secure the intestate in the payment of that debt, but also to secure the payment of about six hundred dollars and interest, and which was at the same time

owing by Gatewood to Benjamin Sherley, and for which Sherley held Gatewood's note. This debt of Gatewood to Sherley, amounting with the interest to $624, the administrators charge, has been paid out of Slaughter's bond, and they claim a right to be indemnified for that payment, and also to be paid the $115 which Gatewood was owing the intestate, McDaniel, out of the debt owing by Slaughter, and for which they admit they hold the bond of Slaughter, which was assigned to their intestate by Gatewood.

M'DANIEL's<br>adm'r.<br>vs.<br>DONALDSON.

Slaughter admits the execution of the bond to Gatewood, and the assignment thereof by Gatewood to the intestate; but he alleges that Bell, with whom he contracted for that purpose, has, by an arrangement with Gatewood, either discharged, or become liable to discharge, the amount of the bond.

Donaldson's answer.

Bell was also made party and brought before the court. He states that he has paid $624, part of the debt which was owing by Slaughter, and admits his liability to pay the residue.

Bell's answer.

Gatewood is out of the State, and on publication, the bill was taken for confessed against him.

The court was of opinion that the bond on Slaughter, was assigned to the intestate by Gatewood, not for the purpose of securing to. Sherley the payment of his debt of $620, but exclusively as a security to the intestate for the $115, which Gatewood was owing him, and decreed that the administrators of McDaniel, should pay to the complainant, Donaldson, out of the assets of the intestate, $493 48, that being the amount of money paid by Bell in part satisfaction of Slaughter's bond, after deducting the $115 which was owing their intestate by Gatewood. The court also decreed that Bell should pay the complainant, the residue of the debt due under Slaughter's bond, and acknowledged to be payable by Bell, after crediting the sum of $624 paid by Bell. To reverse that decree, the administrators of McDaniel have prosecuted this writ of error.

Decree of the circuit court.

The amount of money which Bell paid, was not received from him by the administrators, but it was

Question stated.

Z

paid to Sherley in satisfaction of his debt on Gatewood, and the amount credited by the administrators, on Slaughter's bond; the administrators at the same time, taking up the note of Gatewood to Sherley, and accepting a receipt from Sherley, in which he acknowledges payment of the amount of his note. The only question for consideration is, whether under these circumstances, the administrators are chargeable in the *present contest* for the money which was so paid by Bell to Sherley, and afterwards credited by them upon Slaughter's bond. If they are chargeable, the decree against them is right, if not chargeable, the decree is wrong.

The propriety of making the administrators liable to the complainant, Donaldson, for any part of the money paid by Bell to Sherley, though credited by them on the bond of Slaughter, would be difficult to maintain, were it even conceded that the bond was not assigned to the intestate, McDaniel, by Gatewood, in trust, to secure the payment of Sherley's debt; for in moral justice, the debt of Sherley against Gatewood, is not in any respect, inferior to the demands set up by the complainant, in his bill. So that after recognizing the payment of Sherley's debt by Bell, taking in his note and crediting the amount thereof on the bond of Slaughter, the administrators must be understood to have as high claims upon the justice and conscience of the court, to be indemnified for the sum paid Sherley, as the complainant can possibly have for the *demands set up* in their bill. Possessing, therefore, equal equity with the complainant, the administrators it would seem, cannot be deprived of their legal advantage derived under the assignment of Slaughter's bond to their intestate, and compelled to repay the sum credited on that bond to the complainant, without doing violence to one of the most firmly established rules by which courts of equity are guided in their decrees.

Where one to whom an obligation is assigned in trust for the payment of a smaller sum, agrees with the obligor he may pay another debt of assignor, and be credited for the amount, and it is done, the assignee cannot be subjected by a judgment creditor of the assignee by bill under the act of '21, but the transaction is valid.

But it is not upon this principle only, that the administrators have rested their defence. They allege that the bond of Slaughter was assigned to their intestate, for the purpose of securing the payment of Sherley's debt; and they insist, that in suffering

Question of fact decided.

Bell to pay that debt, and in crediting the amount thereof on Slaughter's bond, they have done nothing more than fulfil one object of the trust reposed in the intestate, by the assignment of Gatewood. To ascertain the correctness of the position thus assumed by the administrators, we have looked into the evidence contained in the record, and though it is admitted, that there is not an entire correspondence between all the depositions, we have no hesitation in saying, that the weight of the evidence is decidedly with the allegations contained in the answer of the administrators, and satisfactorily proves that Sherley's debt was to be satisfied out of the bond of Slaughter, which was assigned by Gatewood to the intestate.

It follows, that the decree is not only erroneous, so far as it subjects the administrators to the payment of any part of the money paid by Bell to Sherley; but moreover, it is erroneous in decreeing the residue of the debt due under Slaughter's bond, to be paid to the complainant by Bell, without deducting therefrom, a sufficient sum to satisfy the debt of $115, and interest, which Gatewood was owing the intestate, and to secure the payment of which, was one object of Gatewood in making the assignment of Slaughter's bond.

The decree must, therefore, be reversed with cost, the cause remanded to the court below, and a decree there entered in conformity with the principles of this opinion.

*Crittenden*, for plaintiff; *Mayes*, for defendants.